UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

TYRONE HOLMES and SAMUEL'S
TEMPLE CHURCH OF GOD
IN CHRIST, INC.,

          Plaintiffs,

-v-                                        No. 11 Civ. 1543 (LTS)(DCF)

THE ALLSTATE CORPORATION,
BRYAN HARRIS et al.,

          Defendants.

-------------------------------------------------------x

### ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiffs Tyrone Holmes and Samuel's Temple Church of God in Christ, Inc., assert various fraud claims against Bryan Harris, the Allstate Corporation, and other defendants in connection with over $500,000 that Plaintiffs allege Harris promised to invest in their behalf but which Plaintiffs have yet to recover.

Magistrate Judge Debra C. Freeman issued a Report and Recommendation ("Report") on January 27, 2012, recommending that the Court (1) grant the motion to dismiss the Amended Complaint as against Allstate with prejudice; (2) deny Plaintiffs' cross-motion for leave to amend the complaint as against Allstate; (3) grant Allstate's sanctions motion to the extent it seeks Rule 11 sanctions against Plaintiffs' counsel but otherwise deny the motion; (4) deny Plaintiffs' motion for sanctions against Allstate; (5) impose Rule 11 sanctions on Plaintiffs' counsel in accord with certain procedures described in the Report; (6) grant the motion to dismiss the Amended Complaint as against the defendants other than Allstate but without prejudice to

repleading; and (7) afford Plaintiffs 30 days to file a Second Amended Complaint that cures the pleading defects against all defendants other than Allstate.

In their objection to the Report, Plaintiffs assert that their claims against Allstate have been adequately pleaded; that Plaintiff's counsel should not be sanctioned; that Allstate should be sanctioned; and that the claims against Harris and other defendants were adequately pleaded. No defendant has filed an objection to the Report.

In reviewing the Report, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C.A. § 636(b)(1)(c) (West 2006). The Court is required to make a de novo determination as to the aspects of the Report to which specific objections are made. United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997). When a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report only for clear error. See Camardo v. General Motors HourlyRate Employees Pension Plan, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (court need not consider objections which are frivolous, conclusory, or general, and which constitute a rehashing of the same arguments and positions taken in original pleadings); Schoolfield v. Dep't of Corr., No. 91 Civ. 1691, 1994 WL 119740, at *2 (S.D.N.Y. Apr. 6, 1994) (objections stating the magistrate judge's decisions are wrong and unjust, and restating relief sought and facts upon which complaint was grounded, are conclusory and do not form a specific basis for not adopting the report and recommendation). Objections to a Report must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a "second bite at the apple" by simply relitigating a prior argument. Camardo, 806 F. Supp. at 381-82.

To the extent that Plaintiffs have raised specific objections that do more than simply repeat arguments made before the Magistrate Judge, the Court has reviewed them de novo and finds them unavailing. The Court finds no error in Magistrate Judge Freeman's thorough and thoughtful Report and, therefore, adopts the Report in its entirety.

In connection with the sanctions to be imposed against Plaintiffs' counsel, Allstate is directed to file and serve an itemized summary of the attorneys' fees and costs it incurred on its motion to dismiss and both sanctions motions. Plaintiffs' counsel is directed to file and serve a sworn affidavit or declaration, made under penalty of perjury, setting out the net income earned by his law practice over the past 12 months. Both parties are required to file and serve these submissions within 14 days of the date of this Order.

Plaintiffs are also directed to file and serve any second amended complaint, revised to cure the defects discussed in the Report, within 30 days of the date of this Order.

This Order resolves docket entry numbers 18, 27, 33 and 51.

SO ORDERED

Dated: New York, New York
       February 24, 2012

LAURA TAYLOR SWAIN
United States District Judge