USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ___
DATE FILED: 2/28/2013

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------------X

TYRONE HOLMES and SAMUEL'S TEMPLE CHURCH OF GOD IN CHRIST, INC.,

Plaintiffs,

-against-

BRYAN M. HARRIS a/k/a/ BRYAN MICHAEL HARRIS and BLUEBOX ENTERTAINMENT, INC.,

Defendants.

----------------------------------------------------------------------X

11 Civ. 1543 (LTS) (DF)

**REPORT AND RECOMMENDATION**

**TO THE HONORABLE LAURA T. SWAIN, U.S.D.J.:**

Currently pending before this Court for a report and recommendation are two separate motions filed by defendants Bryan M. Harris ("Harris") and Bluebox Entertainment, Inc. ("Bluebox"), an entity of which Harris is purportedly the principal (collectively, "Defendants"): (1) a motion to dismiss the Second Amended Complaint filed by plaintiffs Tyrone Holmes ("Holmes") and the church of which he has claimed to be the Executive Pastor, Samuel's Temple Church of God in Christ, Inc. (the "Church") (collectively, "Plaintiffs") (Dkt. 104); and (2) a motion for sanctions against Plaintiffs and their counsel Eric Suffin, Esq. ("Suffin"), of the Law Firm of Eric Andrew Suffin, for purportedly "filing of a Second Amended Complaint . . . without factual or legal basis" (Dkt. 117). Taken together, these motions represent the latest chapter in the already-long and acrimonious history of this case, which has still not moved past the pleading stage, but has already seen four sanctions motions. (*See* Dkts. 27, 51, 108, and 117.)

At the heart of this round of motion practice is the Second Amended Complaint, which is best described as a nearly incomprehensible hodgepodge of rambling and garbled allegations, and is now the *fifth* woefully inadequate pleading that Plaintiffs and has either filed or sought leave to file in this case. For the reasons set forth below, I respectfully recommend that Defendants' motion to dismiss (Dkt. 104) be granted. Further, given that Plaintiffs have been clearly instructed by the Court as to the defects in their past pleadings, but have still failed to cure those defects, I recommend that Plaintiffs' claims against Defendants now be dismissed with prejudice. Despite the patent inadequacy of Plaintiffs' pleading, however, I recommend that Defendants' sanctions motion (Dkt. 117) be denied, as Defendants have not established that they followed all of the procedural requirements mandated by Rule 11 or that sanctions are otherwise warranted.

## BACKGROUND

### A. Factual Background

The factual background of this case, as best as this Court could glean from Plaintiff's allegations, was summarized in detail in this Court's earlier Report and Recommendation (*see* Report and Recommendation, dated Jan. 27, 2012 (Dkt. 73), reported at *Holmes v. Allstate Corp.*, 11 Civ. 1543 (LTS) (DF), 2012 U.S. Dist. LEXIS 24883, 2012 WL 627238 (S.D.N.Y. Jan. 27, 2012) ("1/27/12 Report and Recommendation")), familiarity with which is assumed.

### B. Procedural History

#### 1. Original Pleadings and Motion Practice

Plaintiff Holmes, initially proceeding *pro se*, commenced this diversity action in March, 2011, by filing a Complaint that asserted various state law claims against then-defendant Allstate Corporation ("Allstate"), Harris, Bluebox, and a number of other corporate entities (in addition

to Bluebox) of which Harris was purportedly the principal (the "Harris Entities").[1] (*See* Complaint, dated Mar. 7, 2011 ("Compl.") (Dkt. 1).) Then, after Holmes and the Church retained Suffin as counsel, Suffin filed an Amended Complaint on Plaintiffs' behalf. (*See* Amended Complaint, dated May 17, 2011 ("Am. Compl.") (Dkt. 17).) Yet, instead of substantively revising Holmes' original *pro se* pleading, the Amended Complaint that Suffin signed and filed adopted many of the same flawed allegations and theories of liability as were asserted in the initial Complaint.[2]

In June, 2011, Allstate filed a motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the Amended Complaint against it (Dkt. 18), and also sought sanctions against Plaintiffs and Suffin, under Rule 11 of the Federal Rules of Civil Procedure (Dkt. 27). Plaintiffs filed a cross-motion, seeking leave to file a Second Amended Complaint (Dkt. 33), and also filed a motion for sanctions against Allstate (Dkt. 51). By Order dated February 24, 2012, over objections by Plaintiffs, the Court adopted my recommendation that (1) Allstate's motion to dismiss be granted with prejudice, (2) Allstate be awarded sanctions as against Suffin, (3) Plaintiffs' cross-motion to amend their claims as against Allstate be denied, and (4) Plaintiffs' motion for sanctions against Allstate be denied. (Dkt. 80; reported at *Holmes v.*

---

[1] The Harris Entities included: Bluebox Entertainment, Inc. ("Bluebox"), Harris Financial, Inc. ("HF"), Harris Financial Insurance, Inc. ("HFI"), B.M. Harris, Inc. ("BMH"), First One Distributors, Inc. ("First"), Associate Management LLC ("Associate"), I Am Global Ent. LLC, a/k/a Attracknaphobia, LLC ("IAGE"), and Harris Financial Insurance Services, Inc. ("HFIS").

[2] In the Amended Complaint, Plaintiffs alleged a claim for *prima facie* tort, against Harris only, and the following eight claims against all defendants named in the caption of that pleading, including Allstate, Harris, and Bluebox: (1) conversion; (2) fraud; (3) violation of New York Debtor and Creditor Law § 276; (4) negligent misrepresentation; (5) promissory estoppel; (6) unjust enrichment; (7) breach of contract; and (8) negligent infliction of emotional distress.

*Allstate Corp.*, No. 11 Civ. 1543 (LTS)(DCF), 2012 U.S. Dist. LEXIS 24903, at *4 (S.D.N.Y. Feb. 24, 2012).) Thus, all of Plaintiff's claims against Allstate were dismissed, without leave to replead.

Harris and the Harris Entities also moved to dismiss Plaintiffs' Amended Complaint (*see* Dkt. 55), for the most part copying Allstate's arguments, nearly verbatim. The Court's February 24, 2012 Order resolved not only Allstate's motion, but the Harris defendants' motion, as well. (*See* Dkt. 80.) As to the Harris defendants, the Court accepted my reasoning that at least certain of Plaintiffs' claims, while inadequately pleaded under Rules 8(a) and 9(b) of the Federal Rules of Civil Procedure, might be viable if re-pleaded – although the various versions of a proposed Second Amended Complaint that Plaintiffs had submitted, at that time,[3] suffered from the same deficiencies as the pleading that Plaintiffs sought to replace. (*See id.* (adopting 1/27/12 Report and Recommendation in its entirety).) Under the circumstances, the Court dismissed the Amended Complaint as against Harris and the Harris Entities without prejudice, and gave Plaintiffs 30 days to file a sufficient pleading as against those defendants. (*See* Dkt. 80.)

In this regard, it should be noted that this Court's January 27, 2012 Report and Recommendation described the specific nature of the flaws in Plaintiffs' Amended Complaint,

---

[3] Through what the Court assumes was attorney error, Plaintiffs, in August 2011, filed one version of a proposed Second Amended Complaint on the Court's Electronic Case Filing ("ECF") system, but apparently served on Allstate (and submitted to this Court as a "courtesy copy") a non-conforming version. (*See* Declaration of Eric Andrew Suffin, dated Aug. 5, 2011 (Dkt. 35), Ex. A (Dkt. 35-1); *see also* Declaration of Eric Andrew Suffin, dated Aug. 11, 2011 (Dkt. 39), Ex. A (Dkt 39-1).) Then, later, in response to the Harris defendants' motion to dismiss, Plaintiffs filed yet a third version, styled as an "Alternative Second Amended Complaint." (*See* Declaration of Eric Andrew Suffin in Opposition to Harris Defendants' Motion to Dismiss, dated Nov.10, 2011 (Dkt. 66), Ex. A (Dkt 66-1).)

and explained what Plaintiffs would need to do to address those flaws. In particular, the Court noted that the most glaring defect, under the relevant procedural rules, was Plaintiffs' pervasive "group pleading," both with respect to (a) the injuries sustained by "plaintiffs" (referred to collectively in Plaintiffs' pleading) and (b) the alleged misconduct of "defendants" (also referred to collectively in that pleading). (*See* Dkt. 73, at 46-47.) This Court made a point of explaining that Plaintiffs had failed to differentiate among the Harris Entities, so as to allege the nature of each particular defendant's misconduct, and had thereby failed to give each defendant "fair notice" of Plaintiffs' claims and the grounds upon which they rested, as required by Rule 8(a). (*See id.* at 47.) In fact, this Court specifically declined to consider the arguments raised by Harris and the Harris Entities regarding the independent insufficiency of many of Plaintiffs' claims under Rule 12(b)(6), as the vagueness of much of the Amended Complaint made it nearly impossible for this Court to engage in such analyses. (*See id.* at 47-48.) This Court also explained that the specific identified defects in the Amended Complaint had not been remedied by any of the submitted versions of Plaintiffs' then-proposed Second Amended Complaint. (*See id.* at 48-49.)

Finally, in its January 27, 2012 Report and Recommendation, which, as noted above, was adopted in full, this Court recommended that, "given the defects that have, to date, been manifest in each of Plaintiffs' pleadings or proposed pleadings,"

> Plaintiffs and their counsel be strongly cautioned by the Court that, if they choose to proceed with a further amendment, (1) they take care to plead the claims of the Church and of Holmes individually, with allegations that show a basis for each claim, as to the plaintiff asserting it, (2) they not name as a defendant any corporate entity without a good faith basis for believing that the particular entity engaged in any activity that constituted an actionable wrong, and they provide each such defendant with notice of its specific alleged wrongdoing, and (3) they plead all claims falling within the ambit

> of Rule 9(b) with the particularity necessary to satisfy that Rule's requirements, as described [in the report and recommendation].

(*Id.* at 49.)

**2. Plaintiff's Second Amended Complaint and Defendants' Current Motions**

On March 26, 2012, Plaintiffs timely filed another version of a Second Amended Complaint (*see* Second Amended Complaint, dated Mar. 25, 2012 ("2d Am. Compl.") (Dkt. 97)), naming only Harris and Bluebox as defendants, and asserting the same claims previously asserted in the Amended Complaint, with two exceptions: (1) the current Second Amended Complaint drops Plaintiffs' previously-asserted fraud claim (*compare* 2d Am. Compl., at 15-17, *with* Am. Compl., at 13), and (2) Plaintiffs add a misappropriation claim (*see* 2d Am. Compl., at 17).

On May 24, 2012, Defendants moved to dismiss the Second Amended Complaint, by filing a brief that is almost identical to the brief they had filed in connection with their earlier motion to dismiss Plaintiffs' Amended Complaint (a brief that, as noted above, was largely copied from Allstate's brief). (*See* Memorandum of Law in Support of the Motion of Defendants, Bryan M. Harris A/k/a Bryan Michael Harris, and Bluebox Entertainment, Inc., dated May 20, 2012 (Dkt. 106).) On June 7, 2012, Plaintiffs filed an opposition to Defendants' motion. (*See* Plaintiffs' Memorandum of Law in Opposition to Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint, dated June 7, 2012 (Dkt. 111).) As of this date, Defendants have filed no reply.

Defendants have also filed a motion for sanctions against Plaintiffs, as well as Suffin, under Rule 11 of the Federal Rules of Civil Procedure and based on the Court's inherent

authority. (*See* Notice of Motion for Sanctions under Rule 11, dated June 28, 2012 (Dkt. 117).) In their sanctions motion, Defendants contend that the Second Amended Complaint is "without factual or legal basis, as against Defendants. (*Id.* at 2.) Although Plaintiffs filed a timely opposition to Defendants' motion for sanctions (*see* Dkt. 121), as of this date, Defendants have filed no reply.

## DISCUSSION

### I. DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

In their current motion to dismiss, Defendants argue, first, that Holmes does not have authority to speak for the Church and thus lacks "standing" to assert claims on the Church's behalf. Defendants raised this exact same argument on their earlier motion and simply reassert it now, word for word, without any acknowledgment of the fact that this Court had earlier rejected the argument, although "without prejudice to raise the issue again at a later juncture, on a clearer pleading and a more complete record, should the case proceed." (*See* Dkt. 73, at 46.) As Plaintiffs' new pleading is no more clear, and the record no more complete than it was previously, Defendants have no basis to raise this argument again, at this juncture.

Second, Defendants argue that Plaintiffs' claims fail under Rules 8(a), 9(b), and 12(b)(6) of the Federal Rules of Civil Procedure. Once again, Defendants' argument is largely copied from their earlier brief, and, as such, it makes no reference to the fact that Plaintiffs have now dropped their fraud claim, rendering any argument under Rule 9(b) irrelevant. As to Rule 8(a), Defendants do not even mention the Court's prior ruling regarding the particular defects in Plaintiffs' earlier pleading, and they fail to address whether those defects have now been cured.

Nonetheless, this Court has considered the threshold question of whether Plaintiffs have now remedied those pleading defects, and concludes that they have not.[4]

The pleading requirements of Rule 8(a) are set out in this Court's 1/27/12 Report and Recommendation and need not be restated here. The bottom line, in this case, is that Plaintiffs' Second Amended Complaint ignores those requirements and suffers from the precise pleading defects that the Court previously identified. Inexplicably, Suffin appears simply to have ignored this Court's prior analysis and its instructions as to what would be required for an adequate pleading. Although the Amended Complaint and the Second Amended Complaint differ in certain respects, the central factual allegations and causes of action of the two pleadings are essentially identical.[5] (*Compare generally* Am. Compl., *with* 2d Am. Compl.) In particular, the Second Amended Complaint contains the exact same type of improper "group pleading" allegations as this Court identified in the Amended Complaint. (*Compare, e.g.,* Am. Compl. ¶ 41 ("Defendants represented to plaintiffs that defendants would develop a funding profile for projects."), *with* 2d Am. Compl.¶ 47 ("In 2006 Defendants represented to Plaintiffs that Defendants would develop a funding profile for projects.").) Suffin cannot cure this type of pleading defect, as he attempts to do here, by filing a new pleading that simply capitalizes the first letters of certain words that began with lower-case letters in the Amended Complaint, or by peppering the words "plausible" and "plausibly" throughout the Second Amended Complaint.

---

[4] For this reason, the Court need not reach Defendants' alternative arguments under Rule 12(b)(6).

[5] Although the Court dismissed the Amended Complaint with prejudice as to all claims against Allstate, the Second Amended Complaint remains littered with the same types of allegations regarding Allstate's purported misconduct as appeared in the Amended Complaint, seemingly implying that Allstate, even if no longer a named defendant, remains a "bad actor" in this case.

(*Compare, e.g.*, Am. Compl. ¶ 50 ("Defendants represented to plaintiffs that defendants had to do investments from different accounts."), *with* 2d Am. Compl.¶ 58 ("In 2005 and 2006 Defendants represented to Plaintiffs that Defendants had to do investments from different accounts, plausibly misrepresentations.").) "Plausibility" is not even the issue under Rule 8(a), and, in any event, litigants cannot convert implausible claims to plausible claims by merely including the word "plausible" in their pleadings.

Based on Plaintiffs' complete failure to cure the pleading defects previously identified by the Court, I recommend that the Second Amended Complaint be dismissed in its entirety. Moreover, as Plaintiffs have already been afforded an opportunity to replead their claims against Defendants, but have failed to do so in accordance with the Federal Rules and the dictates of the Court, I recommend that dismissal, at this time, be with prejudice.

## II. **DEFENDANTS' MOTION FOR SANCTIONS**

### A. **Rule 11**

Defendants seek sanctions against Plaintiffs and Suffin under Rule 11 for filing a baseless amended pleading, but I recommend that Defendants' application for Rule 11 sanctions be denied as procedurally defective.

As set out in this Court's prior Report and Recommendation (Dkt. 73, at 26-27), Rule 11, by its terms, contains a "safe harbor" provision. More specifically, the Rule requires a party to serve its sanctions motion, but not file it for at least 21 days after service, so as to give the offending party the opportunity to withdraw or correct any challenged claims, and thereby avoid sanctions. *See* Fed. R. Civ. P. 11(c)(2). Service of a warning letter will not suffice; the party seeking sanctions must serve a formal motion that "describe[s] the specific conduct" that allegedly violates Rule 11. *Id.* Indeed, the Court has repeatedly refused to impose sanctions

based on mere warning letters, even where the challenged conduct was sanctionable. *See Gamla Enter. North America, Inc. v. Lunor-Brillen Design U. Vertriebs GMBH*, No. 98 Civ. 992 (MGC), 2000 WL 193120, at *3 (S.D.N.Y. Feb. 17, 2000) (denying meritorious Rule 11 motion where warning to offending party was given by letter alone, even where warning letter "conformed to the spirit of the rule"); *see also Diamonds.net LLC v. Idex Online, Ltd.*, 254 F.R.D. 475, 476-77 (S.D.N.Y. 2008) (finding that a warning letter does not satisfy the Rule 11 requirement of serving a formal motion); *Weeks Stevedoring Co. Inc. v. Raymond Int'l Buildiers, Inc.*, 174 F.R.D. 301, 305 (S.D.N.Y. 1997 (same); *Bellistri v. US*, No. 94 Civ. 3768 (KMW), 1997 WL 115545, at *3 (S.D.N.Y. Mar. 14, 1997) (same); *Gal v. Viacom International, Inc.*, 403 F. Supp. 2d 294, 309 (S.D.N.Y. 2005) (same); *Schweizer v. Mulvehill*, 93 F. Supp. 2d 376, 413 (S.D.N.Y. 2000) (same).[6]

As previously noted (*see* Dkt. 73, at 27), the safe-harbor requirements of Rule 11 are "strictly construed," *Banfield v. UHS Home Attendants, Inc.*, No. 96 Civ. 4850, 1997 WL 342422, at *2 (S.D.N.Y. June 23, 1997) (JFK) (citing *Hadges v. Yonkers Racing Corp.*, 48 F.3d 1320, 1328 (2d Cir. 1995)), and have even been described as "jurisdictional in nature," *R.B. Ventures, Ltd. v. Shane*, No. 91 Civ. 5678 (CSH), 2000 WL 1010400, at *2 (S.D.N.Y. July 20, 2000). Where the procedural requirements of the Rule have not been met, the imposition of sanctions under Rule 11 has been held to constitute an abuse of the court's discretion. *See Hadges*, 48 F.3d at 1328.

---

[6] *But see Jeffreys v. Rossi*, 275 F. Supp. 2d 463, 480 (S.D.N.Y. 2003) (finding that movant substantially complied with Rule 11 procedural requirements by serving a "detailed letter," with attached evidentiary support).

Here, Defendants have failed to demonstrate that they followed the safe-harbor prerequisites of Rule 11, and, in fact, it appears that Defendants did not abide by the requirements of the Rule.

According to Defendants' counsel, Frank K. Wheaton, Esq. ("Wheaton"), he sent Suffin a warning letter dated June 6, 2012, informing Suffin that, in Defendants' view, "the Second Amended Complaint against Defendants [was] frivolous and without merit." (Declaration of Frank Wheaton in Support Motion of the Defendants for Sanctions under Rule 11, dated June 28, 2012 ("Wheaton Decl.") (Dkt. 119), Ex.C ("Wheaton Letter").) Wheaton has provided the Court with a copy of his letter, which goes on to state:

> As a result, this letter shall serve as notice to you and your firm that if the Second Amended Complaint is not withdrawn, Defendants will seek sanctions against you.
>
> Please be advised that we have temporarily withdrawn the motion for sanctions previously filed. Pursuant to Rule 11 of the Federal Rules of Civil Procedure we are hereby serving you with the motion for sanctions. In accordance with the rules of procedures, you have 21 days to withdraw the Second Amended Complaint, otherwise you leave us with no choice but to move forward with our motion.

(*Id.*) Yet, despite the reference in this letter to service of Defendants' sanctions motion, it is not apparent that a motion was actually served at the same time as the letter, and, to the contrary, Defendants' papers suggest that it was not.

First, the June 6 letter does not state explicitly that Wheaton enclosed a copy of any sanctions motion. (*See id.*)

Second, the declaration now submitted by Wheaton in support of the filed motion does not state that the motion was served with his warning letter. (*See* Wheaton Decl.) Rather, the declaration states the following:

> On June 6, 2012, I sent a letter to Suffin on behalf of Defendants, demanding that the second amended complaint (the "Complaint") that Suffin signed and filed on behalf of Plaintiffs be withdrawn because it was frivolous and without any legal or factual basis, and advising him that if he did not voluntarily dismiss the action, Defendants would not only move to dismiss the Complaint but would also move for sanctions under Rule 11 of the Federal Rules of Civil Procedure. A copy of my June 6, 2012 letter to Suffin is attached hereto as Exhibit "C".

(*Id.* ¶ 4.)

Third, Wheaton's Declaration does not attach a copy of any sanctions motion bearing either a blank date or the date of June 6, 2012 (the date of Wheaton's letter). Rather, the only sanctions motion that has been submitted to the Court bears the date of June 28, 2012 (the date the motion was filed). (*See* Dkts. 118, 119.)

Fourth, if Wheaton *did* serve Plaintiffs' counsel, on June 6, 2012, with a copy of the motion, then he necessarily served a non-identical version of the motion that Defendants eventually filed with the Court. The filed Notice of Motion states: "On June 6, 2012, counsel for Defendant sent letters to counsel for Plaintiffs which demanded that Plaintiffs withdraw the Second Amended Complaint. Defendant's counsel used his best efforts to resolve their differences but he was unable to resolve any issues." (*See* Dkt. 119, at ii.) Needless to say, it would not have been possible for counsel to have written this on or before June 6, but only afterwards.

In any event, even if Defendants served a version of their sanctions motion on Suffin, together with counsel's warning letter, Defendants have not shown that they waited the requisite period of time before proceeding to file that motion with the Court. Although Wheaton does not specify this in his declaration, it appears that he likely served his warning letter on Suffin by mail. Certainly, it seems unlikely that he effected service on Suffin by hand, given that Suffin is

located in New York, and Wheaton in Indiana. Under Rule 6(d) of the Federal Rules of Civil Procedure, service by mail requires the addition of three days to any specified period in which a party "may or must act." Accordingly, Plaintiffs would have had until July 2, 2012,[7] to take advantage of the Rule 11 safe harbor. *See Carruthers v. Flaum*, 450 F. Supp. 2d 288, 305 (S.D.N.Y. 2006) ("[I]f defendants' motion for Rule 11 sanctions was served on plaintiffs via first class mail, they are entitled to a three-day enlargement of time under Fed. R. Civ. P. 6(e), giving them 24 rather 21 days within which to respond."). Here, Defendants filed their Rule 11 motion only 22 days after the date of the June 6 letter, thereby apparently failing to afford Plaintiffs and Suffin with the full safe-harbor period to which they were entitled.

Finally, even if the Court were to look to the "spirit" of Rule 11, as opposed to its formal requirements (which would actually be contrary to most of the precedent cited above), sanctions would still not be warranted here. Even though Plaintiffs' Second Amended Complaint should be dismissed because of its plainly uncured pleading defects, this does not mean that Plaintiffs' claims against Defendants are all substantively "frivolous" or that they were asserted to harass Defendants or for some other improper purpose.

**B. <u>The Court's Inherent Authority</u>**

Defendants have also sought sanctions against Plaintiffs and Suffin based on the Court's "inherent authority," but I recommend that such sanctions be denied, as well.

The Court's inherent authority to award attorneys' fees and costs derives from "a court's need to manage its affairs so as to achieve an orderly and expeditious resolution of cases."

---

[7] Twenty-one days after June 6 would have been June 27; adding three days would take the deadline to June 30, which, in 2012, fell on a Saturday. When a deadline falls on a weekend, it shifts to the following Monday, *see* Fed. R. Civ. P. 6(a)(1)(C) – here, July 2.

*Bowler v. United States INS*, 901 F. Supp. 597, 605 (S.D.N.Y. 1995) (citation omitted). Under this authority, a court may award attorneys' fees to a prevailing party, where it has been forced to defend against claims brought "'in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Eisemann v. Greene*, 204 F.3d 393, 395 (2d Cir. 2000) (quoting *F.D. Rich Co. v. United States ex rel. Indus. Lumber Co.*, 417 U.S. 116, 129 (1974)). Yet, so that "fear of an award of attorneys' fees against them will not deter persons with colorable claims from pursuing those claims," the Second Circuit has required that any such award be supported by both "clear evidence" and specific factual findings that "(1) the offending party's claims were entirely without color, and (2) the claims were brought in bad faith – that is, motivated by improper purposes such as harassment or delay." *Id.* (internal quotation marks and citations omitted).

In this case, while Plaintiffs' most recent version of the Second Amended Complaint is so poorly drafted that it cannot stand, Defendants have not demonstrated that all of Plaintiffs' claims are "entirely without color" or that they were asserted for an improper purpose. Further, based on the sloppy nature of Defendants' *own* papers, Defendants cannot show that, as a matter of equity, Plaintiffs or Suffin should reimburse them for the fees incurred in their latest motion to dismiss. As noted above, Defendants' motion, for the most part, was identical to their prior motion, which was, in turn, largely copied from Allstate's submission. Defendants apparently put little effort, and even less thought, into their motion to dismiss, raising arguments that the Court had previously rejected, and failing to address the points specifically raised by the Court in its prior rulings.

In short, Defendants' sanctions motion is procedurally defective to the extent that its based on Rule 11 and unpersuasive to the extent that it seeks sanctions under the Court's inherent authority, and the motion should therefore be denied in its entirety.

**CONCLUSION**

For all of the foregoing reasons, I respectfully recommend that the Court: (1) grant Defendants' motion to dismiss the Second Amended Complaint (Dkt. 104), terminating this case, in its entirety, with prejudice; and (2) deny Defendants' motion for Rule 11 sanctions (Dkt. 117).

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6 (d) (allowing three extra days for service by mail). Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Laura T. Swain, United States Courthouse, 500 Pearl Street, Room 755, New York, New York 10007, and to the chambers of the undersigned, United States Courthouse, 500 Pearl Street, Room 1660, New York, New York, 10007. Any requests for an extension of time for filing objections must be directed to Judge Swain. FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW. *See Thomas v. Arn*, 474 U.S. 140, 155, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir. 1993); *Frank v. Johnson*, 968 F.2d 298,

300 (2d Cir. 1992); *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988); *McCarthy v. Manson*, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated: New York, New York
February 28, 2013

Respectfully submitted,

DEBRA FREEMAN
United States Magistrate Judge

Copies to:

Hon. Laura T. Swain, U.S.D.J.

All parties (via ECF)